IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

BOBBI METROKA-CANTELLI,

                      Plaintiff,                Case No. 3:12 CV 242

    -vs-

                                           O R D E R

POSTMASTER GENERAL, et al.,

                      Defendant.

KATZ, J.

       This cause is before the Court pursuant to the Postmaster General's motion for reconsideration (Doc. No. 42), filed under Federal Rule of Civil Procedure 59(e). Upon review, the motion is denied.

## I. Discussion

       On November 5, 2013, this Court issued its opinion (Doc. 39) granting summary judgment to the Postmaster General as to Bobbie Metroka-Cantelli's second claim for relief (breach of the collective bargaining agreement) and denying the motion as to her first claim for relief (interference with her rights under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2615). The Court also granted summary judgment to the defendant union as to all claims against the union. As a result of this Court's prior decision, Ms. Metroka-Cantelli's claim for interference with her rights to take leave under the FMLA remains pending for trial.

       The Postmaster General has requested the Court to reconsider its denial of the motion for summary judgment regarding the FMLA claim. The Postmaster General objects to Ms. Metroka-Cantelli's use of alleged inadmissible, unauthenticated evidence to oppose his motion for summary judgment. The Postmaster General also argues that Ms. Metroka-Cantelli failed to: 1) present evidence to support her prima facie case; 2) show that she was entitled to leave under the

FMLA; 3) show that she gave notice of her intention to take leave under the FMLA; 4) show that she was denied her right to take leave under the FMLA; 5) present evidence of pretext; 6) provide evidence to dispute that the United States Postal Service had excess transitional employees; and 7) provide evidence to dispute the Postal Service's hiring freeze.

The Court notes that the Postmaster General has made his motion for reconsideration pursuant to Rule 59(e). Rule 59(e) is not applicable because no final judgment has been entered in this case. Rather, the correct starting point in analyzing the motion is the well-recognized principle that district courts possess the discretion to reconsider their interlocutory orders at any time. *Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 118 F. App'x 942, 945 (6th Cir. 2004). In discussing this rule, the Sixth Circuit Court of Appeals has observed that "[d]istrict courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment. A district court may modify, or even rescind, such interlocutory orders." *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) (internal citations omitted); *see also United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973) (noting that a district court has inherent power to reconsider interlocutory orders "when it is consonant with justice to do so"); *Lewis v. Grinker*, 660 F. Supp. 169, 170 n.1 (E.D.N.Y. 1987) ("Since no final judgment has been entered in this case, the decision whether or not to reconsider a non-final order is within the plenary power of this Court."). As long as this Court has jurisdiction over the case, the Court possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by the Court to be sufficient. *Leelanau Wine Cellars*, 118 F. App'x at 946 (citations omitted).

The Court, in exercising this inherent authority, concludes that it did not err regarding the Postmaster General's motion concerning Ms. Metroka-Cantelli's FMLA claim. The Postmaster

General objects to the Court's reliance on a May 14, 2010 newsletter with an article entitled, "More Temporary Relief Carriers Needed." (Doc. 35-3 at 1). The Postmaster General takes issue with the Court's observation that he did not object to the newsletter's authenticity, asserting that he had in fact objected to the authenticity of the document in footnote 1 in his reply to Ms. Metroka-Cantelli's response to his motion for summary judgment. (Doc. 37 at 2). However, as the Court discussed in its prior order, the objection is directed to the "undated handwritten statements" that Ms. Metroka-Cantelli filed with the Court. The newsletter is neither undated, nor is it handwritten. (Doc. 39 at 15-16). If the Postmaster General had wished to object to the newsletter, he should not have limited the objection to "undated handwritten statements." The inclusion of the document in a footnote with the "See also generally Plaintiff's Exhibits . . ." clause falls short of clarifying to this Court that the restrictive objection applies to all documents listed in the footnote, whether they are undated or handwritten. Furthermore, the Court, in analyzing the document, noted that if the document is properly authenticated at trial, it could be admissible. In addition, the Court's reliance on the document in reaching its decision does not create a "gross miscarriage of justice." *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994). Therefore, the motion for reconsideration as to this issue is denied.

      The Postmaster General's several other objections to this Court's decision are also overruled. The Court explained in detail in its prior order how Ms. Metroka-Cantelli has provided sufficient evidence to satisfy her burdens of proof for the purposes of a summary judgment motion under the applicable decisions of the United States Supreme Court and the Sixth Circuit Court of Appeals. The Postmaster General's motion for reconsideration has not convinced this Court that summary judgment is appropriate as to the FMLA claim.

## II. Conclusion

Accordingly, the Postmaster General's motion for reconsideration is denied. (Doc. No. 42). Ms. Metroka-Cantelli's claim for interference with her right to take FMLA leave remains for trial against the United States Postal Service.

IT IS SO ORDERED.

                                                               s/ *David A. Katz*
                                                               DAVID A. KATZ